RAND & BARBEE v. A. M. HARRIS.

*Practice—Offer of Judgment.*

1. In an action before a justice of the peace, a tender by the defendant as follows: "The defendant in this action tenders the plaintiff $15.42 as a settlement of the matter," is not sufficient under the provisions of Battle's Revisal, ch. 63, § 20; rule 16.

2. In such case the tender must be a proposition (made before any defence is set up) to pay a specified sum *in discharge of the plaintiff's claim* and not a sum in excess of a counter-claim.

RAND *v.* HARRIS.

CIVIL ACTION tried at Spring Term, 1880, of FRANKLIN Superior Court, before *McKoy, J.*

Judgment for plaintiff, appeal by defendant.

*Messrs. Edwards & Batchelor,* for plaintiff.
*Messrs. Davis & Cooke* and *E. W. Timberlake,* for defendant.

SMITH, C. J. The plaintiff commenced his action before a justice of the peace for the recovery of $51.80 and interest due on a promissory note, executed by the defendant to him. After the service and before the return of the process, and previous to putting in an answer, the defendant made the following written tender to the plaintiff:

" *Rand & Barbee* v. *A. M. Harris.*

The defendant in this action tenders the plaintiff $15.42 as a settlement of the matter."

This offer not being accepted, the defendant answered, admitting his indebtedness to the plaintiff, and set up a counter-claim thereto for $49.36, founded upon an alleged sale of unsound for sound meat, and the controversy was confined to this. The counter-claim was disallowed on the trial before the justice, but on appeal sustained in the superior court and judgment there rendered in favor of the plaintiff for $2.60, the difference between the opposing demands, and the costs of the action.

The error assigned by the defendant is in so much of the judgment as charges him with the costs incurred since his offer was refused.

In civil actions before a justice of the peace, it is provided that " the defendant may on the return of the process and before answering make an offer in writing to allow judgment to be taken against him for an amount to be stated in such offer with costs. The plaintiff shall thereupon, and before any other proceeding is had in the action, determine whether he will accept or reject such offer. If he accept

the offer and give notice thereof in writing, the justice shall file the offer and the acceptance thereof and render judgment accordingly. If notice of acceptance be not given, and if the *plaintiff fail to obtain judgment for a greater amount, exclusive of costs, than has been specified in the offer, he shall not recover costs,* but shall pay to the defendant his costs accruing subsequent to the offer." Bat. Rev., ch. 63, § 20, Rule 16.

The tender in the present case falls short in many particulars of the requirements of the rule, the materiality of which, in view of the favorable consideration bestowed upon proceedings before a justice, it is needless to decide, since, in our construction of the act, the facts of this case are not within the sphere of its operation. The tender must be made before any defence is set up, and it must be a proposition to pay a specified sum *in discharge of the plaintiff's claim,* and not a sum in excess of a counter-claim. The defendant may not set up an opposing demand, and his proposal must be acted on before it is known that any such defence will be made. The offer is for the settlement of the plaintiff's asserted claim, and it must be accepted or rejected as a full satisfaction. If accepted, nothing else is considered, judgment entered, and the cause determined; if refused, the trial proceeds, and if the sum due the plaintiff is ascertained to be within the offer (not under the reduction of a set-off or counter-claim) the statute gives the defendant all subsequent accruing costs. Here, the plaintiff's demand is admitted for the entire amount and the recovery is reduced by the finding of the jury upon a contested counter-claim. It does not appear whether the opposing claims grow out of the same transaction, and if they do, they are separable and distinct and do not affect the result. We therefore support the ruling of the court and affirm the judgment.

No error.                                    Affirmed.